**Michael W. STRAND; Cari Allen, Plaintiffs–Appellants,**

v.

**Glen R. DAWSON, Defendant–Appellee.**

No. 12–4012.

United States Court of Appeals, Tenth Circuit.

June 1, 2012.

Michael W. Strand, Centerville, UT, pro se.

Cari Allen, Centerville, UT, pro se.

J. Clifford Petersen, Office of the Attorney General for the State of Utah, Salt Lake City, UT, for Defendant–Appellee.

Before BRISCOE, Chief Judge, McKAY, and HOLMES, Circuit Judges.

---

## ORDER AND JUDGMENT*

MONROE G. McKAY, Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Plaintiffs appeal from the district court's dismissal of their pro se § 1983 complaint against a Utah state court judge who allegedly violated their constitutional rights when he refused to recuse himself in a pending state court eviction action involving Plaintiffs. The magistrate judge recommended dismissal of the complaint based on both judicial immunity and *Younger* abstention, *see Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and the district court agreed.

Nothing in Plaintiffs' brief or the record on appeal persuades us there was any error in the magistrate judge's analysis of the doctrines of judicial immunity and *Younger* abstention. Whatever the merits of the underlying recusal issue, Plaintiffs may not challenge it through a federal § 1983 action against the state court judge. Therefore, for substantially the same reasons given by the magistrate judge and district court, we **AFFIRM** the dismissal of Plaintiffs' § 1983 complaint.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.